**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-1595

ROBERT BLANEY,

             Plaintiff - Appellant,

        v.

BEATRIZ GONZALEZ; JENNIFER FERNANDES; JESSICA GNAGEY;
BRENDA MARTINEAU,

             Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore.
James K. Bredar, Chief District Judge.  (1:19-cv-02264-JKB)

Submitted:  February 23, 2024                          Decided:  April 8, 2024

Before WILKINSON and BENJAMIN, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Robert Blaney, Appellant Pro Se.  Evelyn Lombardo Cusson, Alicia L. Shelton, OFFICE
OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Blaney, a former applicant for employment with the National Security Agency ("NSA"), appeals the district court's orders dismissing his civil complaint for lack of jurisdiction and denying reconsideration. On appeal, Blaney raises multiple challenges to the district court's conclusion that the Civil Service Reform Act of 1978, Pub. L. No. 95-454, 92 Stat. 1111 (codified, as amended, in various sections of Title 5 of the United States Code) (CSRA), precluded judicial review of most of his claims against Defendants, employees of the NSA. He further contends that the district court misconstrued his fraud claim and therefore erred by substituting the United States as a defendant and dismissing that claim on sovereign immunity grounds.

In reviewing the district court's dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), "[w]e review the district court's factual findings on jurisdiction for clear error and the legal conclusions de novo." *K.I. v. Durham Pub. Schs. Bd. of Educ.*, 54 F.4th 779, 788 (4th Cir. 2022). "When a defendant files a motion under Rule 12(b)(1) challenging subject-matter jurisdiction and relying simply on the allegations of the complaint, the court must take the jurisdictional facts alleged as true—as in the case of a motion filed under Rule 12(b)(6)—and determine, as a matter of law, whether the court has jurisdiction." *Blenheim Cap. Holdings Ltd. v. Lockheed Martin Corp.*, 53 F.4th 286, 292 (4th Cir. 2022), *petition for cert. filed*, No. 22-886 (U.S. Mar. 15, 2023).

We have reviewed the record and find no reversible error. Accordingly, we affirm the district court's orders. *Blaney v. Gonzalez*, No. 1:19-cv-02264-JKB (D. Md. Sept. 17, 2020; Apr. 12, 2021). We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this court and argument would

not aid the decisional process.

*AFFIRMED*